UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | CV15-04779-CAS(AJWx) | Date | July 7, 2015 |
|---|---|---|---|
| Title | WILMINGTON TRUST, N.A. v. ERIC MOBLEY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers)** ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT AND IMPOSING SANCTIONS FOR SECOND IMPROPER REMOVAL

On March 12, 2015, plaintiff Wilmington Trust, N.A. filed an action for unlawful detainer against defendant Eric Mobley and Does 1 through 10 in Los Angeles County Superior Court. Dkt No. 1 at 2. Defendant, proceeding *pro se*, removed the action to this Court on April 20, 2015, asserting the existence of both diversity and federal question jurisdiction. See Wilmington Trust, N.A. v. Mobley, No. CV 15-2910 CAS (AJWx), 2015 WL 3649578, at *1 (C.D. Cal. June 10, 2015).

On May 5, 2015, plaintiff filed a motion to remand the action to state court, contending that the Court lacks subject matter jurisdiction and, in any event, that the removal was untimely. Id. The Court granted that motion on June 10, 2015, explaining that defendant had failed to demonstrate the existence of either federal question or diversity jurisdiction, and that the removal was untimely and therefore procedurally improper as well. Id. at *1–3. In remanding the action, the Court denied plaintiff's request to award costs and fees incurred as a result of the improper removal. However, the Court noted that " 'a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action.' " Id. at *3 (quoting Allen v. UtiliQuest, LLC., No. C 13-4466 SBA, 2014 WL 94337, at *2 (N.D. Cal. Jan. 9, 2014)). Accordingly, the Court warned "that additional, unwarranted removals may result in monetary sanctions." Id.

On June 24, 2015, defendant removed the unlawful detainer action to this Court for a second time, asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Dkt. No. 1. Although defendant's new notice of removal does not mention his previous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | CV15-04779-CAS(AJWx) | Date | July 7, 2015 |
|---|---|---|---|
| Title | WILMINGTON TRUST, N.A. v. ERIC MOBLEY, ET AL. | | |

removal of the action, the notice attaches the same state law complaint for unlawful detainer. For the same reasons stated in the Court's order remanding the action for the first time, removal is improper because the Court lacks subject matter jurisdiction.[1] Therefore, the Court **REMANDS** this action to the Los Angeles County Superior Court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Because defendant was expressly admonished that removal for one of the same reasons asserted in his first notice of removal (including purported diversity jurisdiction) could result in monetary sanctions, the Court conditionally imposes $250 in sanctions. Provided that defendant does not remove this case again, and upon entry of judgment in the unlawful detainer action in state court, said sanctions award will be vacated. Defendant, however, is admonished that should a further attempt to remove this action be made, the Court will impose additional unconditional sanctions that must be paid whether or not the unlawful detainer matter proceeds to trial.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[1] Assuming that complete diversity of citizenship exists, the requisite amount in controversy is not met because "[i]n unlawful detainer actions, 'the right to possession alone [is] involved—not title to the property.' " Fed Nat'l Mortgage Assoc. v. Sue Lin Poh, No. C–12–02707, 2012 WL 3727266, at *2 (N.D. Cal. Aug. 28, 2012) (citing Litton Loan Serv., L.P. v. Villegas, No. C 10–05478, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011)). Therefore, "the amount of damages sought in the complaint," which is limited to less than $10,000 in this action, "not the value of the subject real property, determines the amount in controversy." Villegas, 2011 WL 204322, at *2.